IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRINITY INDUSTRIES, INC. and THE TEXAS A&M UNIVERSITY SYSTEM<br><br>Plaintiffs<br><br>VS.<br><br>SPIG Industry, LLC and SPIG Industry, Inc.<br><br>Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Trinity Industries, Inc. (Trinity) and the Texas A&M University System (Texas A&M), file this Original Complaint against Defendants, SPIG Industry, L.L.C. and SPIG Industry, Inc. (Collectively "SPIG").

## JURISDICTION, PARTIES AND VENUE

1. This is an action arising under the patent laws of the United States (Title 35, United States Codes) for infringement of United States Patent Nos. 6,715,735 ("the '735 patent"), 6,902,150 ("the '150 patent"), 6,488,268 ("the '268 patent"), and 6,783,116 ("the '116 patent"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a).

2. Trinity is a corporation organized and existing under the laws of the State of Delaware and conducting business from 2525 Stemmons Freeway, Dallas, Texas 75207. The Texas A&M University System is an educational institution organized and existing under the laws of the State of Texas and conducting business at various branches throughout the State of

Texas.

3. SPIG Industry, Inc. and SPIG Industry, LLC (collectively "SPIG) are Virginia corporations with principal places of business at 14675 Industrial Park Road, Bristol, Virginia 24202. Its registered agent for service is B.L. Conway, II, 165 West Main Street, Abingdon, Virginia. SPIG is subject to personal jurisdiction in the Eastern District of Texas and has infringed upon the subject patents in this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

### A. Trinity's Patents

5. Trinity holds an exclusive license under United States Patent No. 6,715,735 (hereinafter the '735 patent). The '735 Patent was duly and legally issued to Roger Bligh, Steve Brown, Eugene Buth, and Hayes Ross for a Head Assembly for Guardrail Extruder Terminal on April 6, 2004. The '735 Patent was validly assigned by the inventors to The Texas A&M University System. Trinity obtained the exclusive license from the Texas A&M University System. The exclusive license includes the right to bring suit for infringement of the '735 Patent. Accordingly, Trinity and Texas A&M bring this suit.

6. Trinity holds an exclusive license under United States Patent No. 6, 902,150 (hereinafter the '150 patent). The '150 Patent was duly and legally issued to Dean C. Alberson, D. Lance Bullard, Jr., C. Eugene Buth, and Roger P. Bligh for a Steel Yielding Guardrail Support Post on June 7, 2005. The '150 Patent was validly assigned by the inventors to The Texas A&M University System. Trinity obtained the exclusive license from the Texas A&M

University System. The exclusive license includes the right to bring suit for infringement of the '150 Patent. Accordingly, Trinity and Texas A&M bring this suit.

7.  Trinity holds an exclusive license under United States Patent No. 6, 488, 268 (hereinafter the '268 patent). The '268 Patent was duly and legally issued to James R. Albritton for a Breakaway Support Post for Highway Guardrail End Treatments on December 3, 2002. The '268 Patent was validly assigned by the inventor to The TRN Business Trust. Trinity has obtained all rights in this patent, including, but not limited to the right to bring suit for infringement of the '268 Patent. Accordingly, Trinity brings this claim for infringement.

8.  Trinity holds an exclusive license under United States Patent No. 6, 783, 116 (hereinafter the '116 patent). The '116 Patent was duly and legally issued to James R. Albritton for a Guardrail End Terminal Assembly Having At Least One Angle Strut on August 31, 2004. The '116 Patent was validly assigned by the inventor to The TRN Business Trust. Trinity has obtained all rights in this patent, including, but not limited to the right to bring suit for infringement of the '116 Patent. Accordingly, Trinity brings this claim for infringement.

**B.    Defendants Infringement of the Patents**

9.  SPIG has manufactured, used, sold, and/or imported, guardrail products that infringe one or more claims of the '735, '150, '268, and '116 patents

10.  SPIG has sold infringing guardrail terminals and the same have been installed on the national highway system that infringe one or more claims of the afore-mentioned patents.

## CAUSES OF ACTION

### Patent Infringement Against SPIG

11.  Plaintiffs incorporate paragraphs 1 through 12 by reference.

12.  SPIG Industry, LLC and/or SPIG Industry, Inc., and their agents have been and

still are infringing the above-referenced Patents by, among other things, manufacturing and using guardrail end treatment systems, and their component parts, and has sold the same for commercial use, in violation of 35 U.S.C. §271, and will continue to do so unless enjoined by this Court.

13. Upon information and belief, SPIG had knowledge of the afore-mentioned patents but have pursued their knowing and willful infringement thereof, in flagrant disregard of Trinity Industries' and The Texas A&M University System's rights thereunder.

14. SPIG's infringement has caused and/or will cause Trinity and Texas A&M to suffer damages and has caused and/or will cause Trinity and Texas A&M to suffer irreparable injury for which Plaintiffs have no adequate remedy at law.

## PRAYER

Trinity and Texas A&M request the Court to enter judgment in its favor on the foregoing and grant the following relief:

15. That Defendants SPIG, their agents, servants, employees, and other persons in active concert or participation with them, be permanently enjoined: from directly or indirectly making or causing to be made, manufacturing, selling or causing to be sold, using, or in any way distributing any apparatus or device which embodies the invention set forth in the patents enumerated above, or which is designed, intended, or adapted for use in any apparatus or device which embodies the afore-mentioned patents; from in any way directly or indirectly infringing upon or violating plaintiffs' rights in the patents detailed above; and from contributing to, aiding, or inducing such infringement by others.

16. An accounting to determine damages for all forms of infringement of the subject patentsand that Plaintiffs be awarded such damages from SPIG:

17. A trebling of damages for willful infringement;

18. An assessment of pre-judgment and post-judgment interest on the damages determined;

19. A finding that this case is an exceptional case and an award of Plaintiffs☐ costs and attorneys' fees; and

20. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

21. Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

Dated:_____, 2011.

Respectfully submitted,

By____//rcb//_____
Russell C. Brown
State Bar No. 03167510

The Law Offices of Russell C. Brown, P.C.
P.O. Box 1780
Henderson, Texas 75653-1780
(903) 657-8553-Telephone
(903) 655-0218- Facsimile

ATTORNEY FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

A hereby certify that on this the 16th day of March, 2011, a true and correct copy of the foregoing document was served on all counsel of record via Regular Mail. On this same day a notice of filing was filed electronically with the Clerk of the Court using CM'ECF system. Notice of this filing will be sent all counsel of record by operation of the Court's electronic filing system.

____//rcb//_____
Russell C. Brown